IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

MARIBEL LEBRON, et al.,

Plaintiffs,

v.

COLEGIO DE TALLER INTELIGENCIA

EMOCIONAL, INC., et al.,

Defendants.

CIVIL NO. 12-1141 (GAG)

## MEMORANDUM OPINION

Maribel Lebron and Francisco Portales ("Plaintiffs") brought several claims on behalf of their child ("KFPL") against the Colegio de Taller Inteligencia Emocial, Inc. ("the Colegio"), the Commonwealth of Puerto Rico, the Puerto Rico Department of Education, Marlyn Mendez, Edwin R. Cano, and the conjugal partnership between the two. Plaintiffs alleged that these defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.*, Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* (See generally Docket No. 1.) Presently before the court is a motion for judgment on the pleadings to dismiss the ADA and Title VI claims at Docket No. 57. See FED. R. CIV. P. 12(c). Defendants Mendez, Cano, and the conjugal partnership between the two (collectively "Defendants") brought the motion. (See Docket No. 57.) Plaintiffs opposed the motion. (Docket No. 86.) For the following reasons, the court **GRANTS** the motion to dismiss at Docket No. 57.

**I.      Title VI of the Civil Rights Act**

Plaintiffs allege that their son, who suffers from Asperger's Syndrome, "was subjected to racial discrimination by recipients of federal financial assistance" in violation of 42 U.S.C. § 2000d. (Docket No. 1 at 35.) Defendants move to dismiss Plaintiffs' claim because Plaintiffs "failed to establish any basis for racial discrimination." (Docket No. 57 at 1.) The court agrees with Defendants. The only mention of race in the complaint states, "The minor K.F.P.L., who is a

**Civil No. 12-1141 (GAG)**

resident of Puerto Rico, is of American nationality, of Caucasian race, and suffers from Asperger's Syndrome . . . ." (Docket No. 1 at 3.) The complaint alleges nothing to do with raced-based discrimination, race-based animus, pretextual actions to disguise race-based discrimination, or anything remotely proximate to satisfying Iqbal and Twombly.[1] Therefore, Plaintiffs' Title VI claim against all defendants is **DISMISSED**.

**II.     Titles II and III of the ADA**

Defendants ask the court to dismiss the ADA claim against themselves and the Colegio because Title III of the ADA does not entitle a prevailing party to monetary damages against individuals. (See Docket No. 57 at 4-7.) Plaintiffs' opposition to the motion confuses the court. Plaintiffs seemingly allege both a Title II and Title III ADA claim, but they are very unclear. (See Docket No. 86 at 16-19.) The court thus addresses Plaintiffs' ADA claim pursuant to both Title II and Title III.

A.    Title II

"[U]nder Title II, non-economic damages are only available when there is evidence of 'economic harm or animus toward the disabled.'" Carmona-Rivera v. Puerto Rico, 464 F.3d 14, 17 (1st Cir. 2006) (citing Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 126-27 (1st Cir. 2003)). Plaintiffs' complaint sought reimbursement for private schooling, including admissions fees and expenses incurred at the new school. (See Docket No. 1 ¶ 85.) The court, however, granted Plaintiffs' request to remove this paragraph from their complaint. (See Docket Nos. 75-76.) No other evidence of economic harm exists in the complaint.

However, the complaint is rife with allegations of discriminatory animus. (See Docket No. 1 at 21-27.) Although Plaintiffs initially describe Defendants' discrimination as negligent, not

---

[1] Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(c) instead of 12(b)(6). "When, as now, a motion for judgment on the pleadings . . . is employed as a vehicle to test the plausibility of a complaint, it must be evaluated" like a 12(b)(6) motion. Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012).

**Civil No. 12-1141 (GAG)**

intentional, they allege intentional discrimination and clearly discuss alarming instances of disability-based animus. (Id. at 9-10; 21-27.) Plaintiffs aver that KFPL is a qualified individual with a disability who suffered intentional discrimination because of his disability. (Id.) The complaint surpasses the thresholds for plausibility discussed in Iqbal, Twombly, and Rodriguez-Reyes. See generally Rodriguez-Reyez v. Molina-Rodriguez, 711 F.3d 49 (1st Cir. 2013) (discussing pleading standard in discrimination cases according to Iqbal and Twombly). Plaintiffs' complaint thus states a claim for non-economic damages under Title II.

Importantly, however, Defendants argue that Title II does not apply to them. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." D.B. v. Esposito, 675 F.3d 26, 39 n.6 (1st Cir. 2012) (citing 42 U.S.C. § 12132). Title II's applicability hinges on the Colegio's status as a "public entity."

A "public entity" includes any instrumentality of a state or local government. See 28 C.F.R. § 35.104. The individual Defendants are clearly not public entities; rather, agents thereof. Plaintiffs describe the Colegio as "a private corporation created and registered under the laws of the Commonwealth of Puerto Rico." (See Docket No. 1 at 4.) Their own description indicates that the Colegio does not fall under the auspices of Title II's definition of "public entity." The court grants Defendants' motion to dismiss Plaintiffs' Title II claim on this ground. However, because discovery is substantially underway and may yield evidence demonstrating that the Colegio is a public entity, it does so without prejudice. Should Plaintiffs uncover evidence indicating the Colegio is a public entity, they may move for reconsideration at the appropriate time. Plaintiffs' Title II ADA claim is **DISMISSED without prejudice**.

B.   Title III

Plaintiffs are not entitled to money damages under Title III. In Goodwin v. C.N.J., Inc., the First Circuit held that "money damages are not an option for private parties suing under Title III of

**Civil No. 12-1141 (GAG)**

the ADA." 436 F.3d 44, 50 (1st Cir. 2006) (citing cases). Plaintiffs' Title III claim is thus **DISMISSED**.[2]

### III.     Conclusion

For the reasons stated above, Defendants' motion to dismiss at Docket No. 57 is **GRANTED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 14th day of May, 2013.

*S/Gustavo A.Gelpí*
GUSTAVO A. GELPI
United States District Judge

---

[2] The court notes that it granted Plaintiffs' motion to alter judgment after it originally dismissed the ADA claim, recognizing that "the law is not as well settled for Title III claims" concerning individual liability. (See Docket No. 49 (citing Emerson v. Thiel Coll., 296 F.3d 184 (3d Cir. 2002).) However, Goodwin, a First Circuit case, states that "money damages are not an option for private parties suing under Title III of the ADA;" thus, Goodwin controls and the Title III claim must be dismissed. 436 F.3d at 50.